**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:20-cv-00101-MR**

| | |
|---|---|
| **ZACHARY ALLEN BLANKENSHIP,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **TODO ISHEE, Secretary, North** ) | |
| **Carolina Department of Adult** ) | |
| **Correction,**[1] ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

      **THIS MATTER** is before the Court on the Motion to Dismiss [Doc. 7]

and Motion to Seal Documents [Doc. 10] filed by the Respondent on

September 8, 2022.

## I.    PROCEDURAL BACKGROUND

      Zachary Allen Blankenship (the "Petitioner") is a prisoner of the State

of North Carolina.  The Petitioner was convicted on February 24, 2017 in

Catawba County Superior Court for rape of a child (one count), taking

_____

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District
Courts requires that "the petition must name as respondent the state officer who has
custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates
that the Secretary of the North Carolina Department of Adult Correction is the custodian
of all state inmates.  See N.C. Gen. Stat. § 148-4 (2023).  Accordingly, Todd Ishee, the
current Secretary of the North Carolina Department of Adult Correction, is the proper
respondent in this action.

indecent liberties with a child (four counts), and sexual offense with a child (three counts).  [Doc. 1 at 1]; State v. Blankenship, 259 N.C. App. 102, 111 (April 17, 2018).  The Petitioner was sentenced to two consecutive terms of 300 to 420 months of imprisonment and ordered to register as a sexual offender for the rest of his natural life.  Id.

Prior to trial, the State moved to admit several hearsay statements from the minor victim into evidence.  Id. at 104-106.  The trial court granted the motion to allow admission of the hearsay statements under multiple hearsay exceptions, including the residual exception of N.C. R. Evid. 804(b)(5).  Id. The statements were admitted at trial.  Id. at 106-110.

The Petitioner filed a direct appeal in which he argued that the trial court erred in admitting the hearsay statements, erred in denying the Petitioner's motion to dismiss by failing to corroborate his confession in violation of the *corpus delicti* rule, and that trial counsel was ineffective.  State v. Blankenship, 259 N.C. App. at 112.  The North Carolina Court of Appeals issued its opinion on April 17, 2018, holding as follows: 1) hearsay testimony from victim's grandparents concerning victim's statements to them about how the Petitioner inappropriately touched her was admissible under residual exception of N.C. R. Evid. 804(b)(5); 2) hearsay testimony from victim advocate and victim relative concerning victim's statements to them

about how the Petitioner inappropriately touched her were admissible under residual exception of N. C. R. Evid. 804(b)(5); 3) admission of inadmissible hearsay testimony from registered nurse concerning victim's statement to nurse about how the Petitioner inappropriately touched her was not prejudicial error; and 4) the State failed to present sufficient evidence for the sexual offense charges and the indecent liberties charges. State v. Blankenship, 259 N.C.App. 102, 111-125.

As to the statements admitted under the residual exception of N. C. R. Evid. 804(b)(5), the appellate court held that the hearsay statements had sufficient guarantees of trustworthiness and that the trial court did not err in admitting the statements under the residual exception. Id. The appellate court vacated the convictions for sexual offense and indecent liberties with a child, dismissed the Petitioner's ineffective assistance claims without prejudice to his right to file a motion for appropriate relief in state court, and remanded the matter for resentencing. Id. at 122-125. On remand, the trial court resentenced the Petitioner to one term of 300-420 months of imprisonment for the remaining conviction of first-degree rape of a child. [Doc. 8-11 at 2].

The Petitioner sought discretionary review by the North Carolina Supreme Court, which denied his petition on May 9, 2019. State v. Blankenship, 371 N.C. 116 (May 9, 2019). The Petitioner did not file any motions for post-conviction relief in state court. [Doc. 1 at 3].

The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus on July 24, 2020. [Doc. 1]. This Court entered an Order on July 11, 2022 directing the Respondent to answer or otherwise respond to the § 2254 petition. [Doc. 4]. The Respondent filed its Motion to Dismiss on September 8, 2022 and moves for dismissal of the § 2254 petition on grounds that the Petitioner fails to state a claim of relief, or in the alternative, that the Petitioner's claim is barred by procedural default. [Docs. 7, 8].

## II.   STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a), Rules Governing Section 2254 Cases. Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be

4

granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all available grounds for relief and state the facts that support each ground. The Court is directed to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. See Rule 4, Rules Governing Section 2254 Cases.

## III. DISCUSSION

### A. <u>Failure to State a Claim</u>

The Petitioner raises one ground for relief in his § 2254 petition. The Petitioner asserts that the North Carolina Supreme Court erred in its review of the record and decision to uphold the appellate court's conclusion that the hearsay testimony was admissible under the residual hearsay exception of N.C. R. Evid. 804(b)(5). [Doc. 1 at 5]. The Petitioner states that he has evidence that proves the victim was motivated to fabricate the statements due to the witnesses' "non-credibleness and ill-intentions.. . . to purposely 'frame' and defame the [Petitioner's] character..." and that the minor victim did in fact recant the statement to another licensed child psychologist

(Connie Loudermelt).  [Id].  The Petitioner requests this Court dismiss with prejudice the first-degree rape of a child conviction.  [Id. at 15].

The Respondent moves for dismissal of the § 2254 petition on grounds that it fails to state a claim of habeas relief.  [Docs. 7,8].  The Respondent argues that the Petitioner's claim is not cognizable because it challenges the admissibility of evidence under North Carolina law and fails to raise any federal or constitutional violations.  [Doc. 8 at 8].

"Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'"  28 U.S.C. § 2254(a); Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  "Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues."  Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).  "The role of a federal habeas corpus petition is not to serve as an additional appeal."  Id.  See also Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)(explaining that "we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding").

6

The Petitioner takes issue with the North Carolina Supreme Court's denial of his Petition for Discretionary Review and the North Carolina Court of Appeals' holding that the hearsay statements had sufficient guarantees of trustworthiness and were properly admitted under the residual hearsay exception of N.C. R. Evid. 804(b)(5). This is solely an issue of state evidentiary law and the Petitioner sets forth no federal or constitutional violation.[2] Because the Petitioner does not raise any constitutional issues or federal questions in his petition, he fails to state a valid federal habeas corpus claim. As such, the § 2254 petition shall be dismissed.

## B.    Failure to Exhaust/Procedural Default

The Respondent moves, in the alternative, for dismissal of the § 2254 petition on grounds that even if the petition did allege a constitutional claim,

---

[2] In his response to the Motion to Dismiss, the Petitioner argues that testimony of psychologist Connie Loudermelt would prove that the grandparents were the actual perpetrators and that this information became available to the prosecution in March 2015. [Doc. 13 at 1]. The Petitioner states that neither he nor his attorney became aware of this until September 16, 2019 – two and a half years after the trial - even though the prosecution knew of this fact before the trial and failed to disclose it in discovery. [Id.]. The Petitioner appears to be attempting to assert a violation under Brady v. Maryland, 373 U.S. 83 (1963) for failing to disclose evidence. However, this claim was not raised in the § 2254 petition and the Petitioner cannot assert new claims in a response to a motion to dismiss. See Porter v. Hamilton, 2022 WL 619959, *1 n.3 (E.D. Va. March 2, 2022)(noting that plaintiffs may not amend their claims by raising new arguments in a response to a motion to dismiss); Hurst v. District of Columbia, 681 F. App'x 186, 194 (4th Cir. 2017)(plaintiff may not amend complaint "via briefing"); see also Rule 2(c) of the Rules Governing Section 2254 Cases (requiring a petitioner to specify all available grounds for relief in the § 2254 petition). This claim would also be procedurally barred for failure to exhaust this claim in state court.

such claim would be barred from review by this Court due to the Petitioner's failure to raise a constitutional claim in state court. [Doc. 8 at 11].

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires the prisoner to present the federal claim in state court in order to give the state the opportunity to review and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-366 (1995). The state court must be "alerted to the fact that the prisoners are asserting claims under the United States constitution." Id.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett,134 F.3d 615, 619 (4th Cir. 1998). A petitioner is procedurally barred when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). A federal habeas court will not review a procedurally defaulted claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. at 731-732).

The Petitioner's direct appeal challenged the admission of hearsay testimony on grounds that the trial court improperly admitted the testimony under the North Carolina Rules of Evidence. The appeal asserted no constitutional violation. State v. Blankenship, 259 N.C. App. 102 (April 17, 2018). The Petitioner also did not raise any constitutional violation in his petition for discretionary review to the North Carolina Supreme Court. State v. Blankenship, 371 N.C. 116 (May 9, 2019); [Doc. 8-12].

The Petitioner did not file a post-conviction MAR in state court raising any constitutional violation. If he were to attempt to do so now, such claim would be barred by procedural default due to the Petitioner's failure to raise the issue in his appeal proceedings. See N.C. Gen. Stat. § 15A-1419(a)(3)(providing for dismissal if "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the ... motion but did not do so").

The only response the Petitioner makes in opposition to the Respondent's procedural default argument is that he could not have raised his claim on direct appeal because he did not become aware of the State's Brady violation until September 16, 2019 and could not have raised the issue at the time. [Doc. 13 at 2]. This does not provide sufficient grounds on which to excuse procedural default, and as set forth in note 2, *supra*, the

Petitioner's <u>Brady</u> violation argument is a new argument that was not raised in his § 2254 petition and not before this Court.[3]  Therefore, even if the Petitioner did raise a constitutional claim in his § 2254 petition, such claim would be procedurally barred from federal habeas review.

### C.    **Petitioner's Request for Subpoena**

The Petitioner states that on July 10, 2020, he became aware of evidence that psychologist Connie Loudermelt worked with the victim for approximately 18 months, wherein she made findings that were contradictory to hearsay statements made in his case.  [Doc. 1 at 16-17].  The Petitioner requests this Court issue a subpoena to compel Loudermelt to testify and/or submit a documented report of her findings.  [<u>Id.</u>].

As set forth above, the Petitioner's § 2254 is subject to dismissal for failure to state a claim, or in the alternative, is procedurally barred from habeas review.  Moreover, such testimony is not relevant to the claim the Petitioner has presented to this Court.  The Petitioner is therefore not entitled to an evidentiary hearing in this matter and the Petitioner cannot demonstrate any need for this Court to subpoena the psychologist.  As such, the

---

[3] The Petitioner may have had remedies available to him based on newly discovered evidence or a <u>Brady</u> violation discovered post-trial, but he has not presented such claim to this Court by simply arguing it in his Response to a motion to dismiss an entirely different claim.

Petitioner's request for issuance of a subpoena is denied.

### D. <u>**Motion to Seal Documents**</u>

The Respondent moves to permanently seal portions of selected exhibits attached to its brief in support of its Motion to Dismiss, as well as a part of the attachments to the Petitioner's § 2254 petition in order to protect the identity of the minor sexual abuse victim involved in the Petitioner's criminal proceeding. [Docs. 10, 11]. The Respondent moves this Court for an Order as follows: (1) sealing the unredacted versions of the Respondent's Exhibits 1, 3, 4, and 5; (2) sealing the attachments to Petitioner's § 2254 Petition [Doc. 1-1 at 1, 5-6]; (3) and authorizing the use of a pseudonym for the victim rather than initials. [Doc. 11 at 2]. The Respondent states that the victim is named and discussed in these documents, that the redaction of the victim's identifying information from the above-described documents is necessary, and that the factors weigh in favor of allowing the victim to remain anonymous in this proceeding. [<u>Id.</u> at 4, 7]. The Respondent points out that the Petitioner's filings in his direct appeal are all sealed and those filings that are publicly available use either pseudonyms or acronyms to protect the victim's identity. [<u>Id.</u> at 9].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

A court has the authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Comm. Inc., 435 U.S. 589, 598 (1978). When presented with a motion to seal, this Court is required to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Motion to Seal, as it has been publicly available through the Court's electronic case filing system since it was filed on September 8, 2022. The Respondent has demonstrated that the specified documents reference the identity of the minor victim and contain sensitive information. The public's right of access to such information is substantially outweighed by the Respondent's competing interest in protecting the details of such information on behalf of the minor victim. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing the documents is necessary to protect the minor victim's privacy interests, that there is no alternative that will adequately protect the privacy rights of the minor victim, and that permanently sealing the documents at issue is warranted. As such, the Court will grant the Respondent's Motion to Seal.

## IV. CONCLUSION

For the reasons set forth above, the § 2254 Petition for Writ of Habeas Corpus shall be dismissed. The Court denies the Petitioner's request to issue a subpoena. The Respondent's Motion to Seal Documents shall be granted.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases,

the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1.      The Respondent's Motion to Dismiss [Doc. 7] is **GRANTED** and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2.      The Petitioner's request for issuance of a subpoena [Doc. 1 at 16-17] is **DENIED**.

3.      The Respondent's Motion to Seal [Doc. 10] is **GRANTED**. The Clerk of Court is respectfully instructed to permanently **SEAL** the unredacted versions of the Respondent's Exhibit 1 3, 4, and 5, and the attachments to Petitioner's § 2254 Petition for Writ of Habeas Corpus at Doc. 1-1 at 1, 5-6. The unsealed versions of these exhibits shall be redacted so as to remove any refence to the minor victim's name. The Court further grants the

Respondent's request to use a pseudonym to identify the minor victim in its pleadings.

4.     The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction, as the proper Respondent in this action.

5.     The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

6.     The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: September 20, 2023

Martin Reidinger
Chief United States District Judge